*Chandler v. Newfane*, No. 270-6-13 Wmcv (Teachout, J., October 3, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 270-6-13 Wmcv** |

**Charles Chandler**
    **Plaintiff**

    **v.**

**Town of Newfane et al.**
    **Defendants**

### DECISIONS on Pending Motions

Defendants' Motion to Extend Summary Judgment Motions Deadline, #3
Plaintiff's Motion to Quash Deposition, #5
Plaintiff's Motion for Sanctions, #6
Plaintiff's Motion for Summary Judgment, #7
Defendants' Cross Motion for Summary Judgment

Plaintiff Charles Chandler's claims in this case arise mostly out of the land use permitting history of his Newfane property and how the Town has assessed his property for tax purposes. He seeks money damages based on his claim that the Town has engaged in unlawful acts and omissions, causing him damages. He seeks compensation for the loss of the use of and physical injury to his real and personal property, loss of income, and the effects of the allegedly incorrect assessment. The parties have filed cross-motions for summary judgment.[1]

Oral argument was heard at a motions hearing on October 3, 2014. Plaintiff represented himself. The Town was represented by Attorney James F. Carroll.

For the reasons stated on the record, the Court ruled that both the Town's Motion to Extend Summary Judgment Motions Deadline and the Plaintiff's Motion to Quash were denied as moot.

*Mr. Chandler's Motion for Sanctions*

Mr. Chandler seeks sanctions based on the circumstance that he appeared on February 18, 2014 for a deposition scheduled by Attorney Carroll, but Mr. Carroll was not present at the time and place scheduled (Windham County Courthouse in Newfane). Mr. Chandler says that he drove 255 miles in order to be there, and seeks monetary compensation and preclusion of further

---

[1] Along with the Town, Mr. Chandler has named Doris Knechtel as a defendant in her personal and official capacities. Ms. Knechtel is a lister for the Town. There are no apparent claims against her in her personal capacity. The claims are against the Town (which includes Ms. Knechtel in her official capacity). In this decision, the court will refer to both the Town and Ms. Knechtel collectively as the Town.

discovery as sanctions for Mr. Carroll's failure to be present. Mr. Carroll says that he cancelled the deposition based on Mr. Chandler's statement in a February 14th telephone call to Mr. Carroll's office manager that he (Mr. Chandler) was out of state and it was not going to be possible for him to get back and he would not be coming. (Although he had mail notice of the scheduled deposition, relayed to him by telephone through his son, he had not been served with a subpoena.) Mr. Chandler agrees that the call took place, but disputes that he said he would not be coming. He claims that he said that he would be coming.

Sanctions can be appropriate when a party knowingly fails to comply with a discovery obligation. In this case, there is a disagreement about what was said in a telephone conversation, and it directly affects whether the deposition would be held or cancelled. A misunderstanding resulting from a disputed but undocumented communication is not a sufficient basis for the Court to conclude that there was a knowing failure to comply with a discovery obligation. Therefore, the motion for sanctions is denied.

*Mr. Chandler's Motion for Summary Judgment*

Mr. Chandler's summary judgment motion does not comply with Rule 56. The rule requires the motion to be supported by a statement of undisputed facts "with specific citations to particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." V.R.C.P. 56(c) (1)(A). All of the factual allegations in Mr. Chandler's statement of undisputed facts begin with "[t]he defendants admit . . . ." There is no evidence (or citations to such evidence) of any such admissions in the record, however. This lack of compliance makes it impossible for the court to determine which facts are material and which are or are not in dispute.

Mr. Chandler also supported his motion with his own affidavit. The affidavit, however, largely consists of conclusory facts and conclusions of law. For example, Mr. Chandler alleges: "Every time I applied for a building permit it was either unlawfully denied out of hand or granted and then later unlawfully revoked." Affidavit of Charles Chandler ¶ 5. He does not specify. "It is well-established that 'ultimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary-judgment motion.'" *In re Shenandoah LLC*, 2011 VT 68, ¶ 17, 190 Vt. 149.

Mr. Chandler's motion for summary judgment is not supported in the manner contemplated by Rule 56. Therefore it does not provide support for a ruling as a matter of law.

*The Town's Motion for Summary Judgment*

Mr. Chandler, in the complaint and elsewhere, has not articulated his legal claims with clarity. At oral argument, he clarified that he is seeking compensation from the Town on the basis of a legal claim for "unlawful acts and omissions." The general thrust of the allegations is that the Town manipulated the zoning permit process specifically to harm him, wrongfully

obtained a "cease-and-desist" order from the Environmental Division of the Superior Court that caused physical damage to his real and personal property, incorrectly characterized his property as industrial for assessment purposes, and refused to allow him to record the deed in the Town's land records. The Town argues that none of these claims is cognizable in the Civil Division of the Superior Court or has any evidentiary support. The Town argues that Mr. Chandler's issues with permitting belong in the Environmental Division, not in a case in the Civil Division, and that his claims about his taxes should have been addressed through statutory processes designed to address tax disputes.

The murkiness of Mr. Chandler's claims is exacerbated by his failure to comply with Rule 56, whether with regard to his own summary judgment motion or in opposition to the Town's. As for the latter, he generally asserts that the facts in the Town's statement of undisputed facts "are falsehoods at best and unlawful and criminal." Mr. Chandler's Objections to Defendants Motion for Summary Judgment ¶ 6 (filed Apr. 28, 2014). He does not further specify. This does not comply with Rule 56(c)(1)(A). The Town's well-supported facts will be considered admitted for purposes of summary judgment. V.R.C.P. 56(e)(2), (3).

Mr. Chandler also appears to misunderstand that the burden of persuasion for his claims is on him, not the Town. He repeatedly objects that the Town has not presented evidence that refutes his claims. Under Rule 56, when the burden of persuasion is on the nonmoving party, the moving party may support its summary judgment motion (and satisfy its burden of production) by indicating an absence of record evidence in support of the claim. To survive summary judgment, the nonmoving party then must come forward with evidence of a triable issue. *Clayton v. Unsworth*, 2010 VT 84, ¶ 16, 188 Vt. 432. Merely saying that the Town has not disproven his claims neither helps to clarify them nor shows that any of those claims might have evidentiary support.

*The zoning permit process*

Mr. Chandler has been involved in numerous zoning permit cases related to the Newfane property at issue in this case over the years. The record includes many decisions of the Environmental Division, and one from the Supreme Court, that emerged from those cases. There is no need to parse the details of those decisions here. In general, they reflect a great deal of confusion about whether Mr. Chandler's evolving plans for the property at any given time were properly characterized as residential or commercial. The size of the property evidently forecloses independent residential and commercial uses. Eventually, with the guidance provided by an Environmental Division judicial ruling, Mr. Chandler applied for a residential use with a subsidiary home occupation (or home industry). The Environmental Division granted that application and issued a permit with conditions.

As a general matter, the Civil Division of the Superior Court has no jurisdiction to review either a Town's or the Environmental Division's zoning permit decisions. 4 V.S.A. §§ 31(1), 34 (exempting subject matter within the Environmental Division's jurisdiction from the Civil Division's). To the extent that Mr. Chandler may have thought that the Town got a zoning decision wrong, his exclusive remedy was an appeal to the Environmental Division. 24 V.S.A. §

3

4472(a). The Vermont Supreme Court has jurisdiction over appeals from the Environmental Division. 4 V.S.A. § 2(a). The rightness or wrongness of any particular permit decision is not properly before this Court.

Otherwise, there are no specific allegations that could support any inference of any tortious or other wrongful act by the Town in the course of the numerous zoning permit cases that might give rise to a claim within the Civil Division's jurisdiction. It is not uncommon for a landowner whose zoning application has been denied by a town to feel that something unfair has happened. The remedy is to appeal to the Environmental Division and, if necessary, to the Supreme Court. A basis for a private cause of action in the Civil Division has not been shown.

*The wrongful "cease-and-desist" order*

Mr. Chandler claims that at some point the Town wrongfully obtained a "cease-and-desist" order without a bond and this resulted in damage to his real and personal property. The damage allegedly was caused by a flood. Apparently, Mr. Chandler claims that the cease-and-desist order prevented him from doing something to prevent the flood or to prevent the property damage that the flood caused.

The Environmental Division in one zoning appeal ordered Mr. Chandler to stop construction on a foundation. See Order Regarding Stay of Construction 1, *Appeal of Chandler*, No. 155-8-05 Vtec (Vt. Envtl. Ct. Sept. 29, 2005) (Durkin, J.). However, the decision reflects that Mr. Chandler stipulated to the stay of construction. Mr. Chandler's agreement to stop construction forecloses his allegation that the order was wrongfully obtained by the Town in some manner. The Civil Division has no jurisdiction to review the order and provide a remedy in any event.

*The incorrect assessment of his property for tax purposes*

Mr. Chandler claims that the Town has improperly characterized his property as industrial for assessment purposes. His tax bills show that he has been paying the non-residential education rate. If Mr. Chandler has a grievance with his appraisal or any action of the Town's listers in producing the grand list, he should have sought relief directly from them. 32 V.S.A. § 4111(g). If still aggrieved, he could seek relief from the board of civil authority. *Id*. §§ 4404, 4407. If still aggrieved, he could further seek relief from the Division of Property Valuation and Review of the Department of Taxes or in the Civil Division of the Superior Court. *Id*. § 4461(a). There is no evidence that Mr. Chandler grieved, but even so, the nature of his claim is one that would come to the Civil Division as an appeal under § 4461(a) and not in a claim for a private cause of action.

If Mr. Chandler thought he was entitled to an abatement of his taxes, he could so petition the board of abatement. 24 V.S.A. § 1535. If still aggrieved, he then might seek Rule 75 review in the Civil Division of the Superior Court. V.R.C.P. 75; see generally, e.g., *Garbitelli v. Town of Brookfield*, 2011 VT 122, 191 Vt. 76 (Rule 75 review of decision of board of abatement).

4

There is no evidence that Mr. Chandler ever petitioned the board of abatement and no Rule 75 claim in this case.

If Mr. Chandler's claim relates to a homestead property tax income sensitivity adjustment, then his exclusive remedy is an appeal to the Commissioner of the Department of Taxes. 32 V.S.A. § 6072.

Otherwise, there are no specific allegations that could support any inference of any tortious or other wrongful act committed by the Town that relates to Mr. Chandler's taxes and could be within this Court's jurisdiction.

*Refusal to accept the deed for recording*

Mr. Chandler asserts that the Town, at least for a time, expressly refused to accept for recording the deed by which he acquired his Newfane property. The deed from Phoenix Management Co. to Mr. Chandler was executed in 2006. The only receipt in the record for the corresponding transfer tax return indicates on its face that the Town received it for recording on April 24, 2013. Mr. Chandler asserts in a general way, without specific facts, that on some unspecified date(s) before April 24, 2013 he was not permitted to record the deed. The Town is entitled to summary judgment on this aspect of the case for two reasons. First, the claim lacks sufficient specificity, which has not been provided in response to the Town's summary judgment motion, to support a claim of wrongful refusal to record a properly submitted deed. Moreover, even if it were true that the Town Clerk wrongfully refused to record a properly submitted deed, it could be the subject of a Rule 75 Review of Governmental Action petition to this Court, but the action would have to have been filed within 30 days of the refusal. V.R.C.P. 75(c). This case was filed on June 12, 2013, which was beyond the time limit.

*Other allegations*

Mr. Chandler makes a number of other allegations that seem to be unrelated to the claims above or only tangentially related at most. Some of these include the following: (1) that agents of the Town hate him and make their official decisions with regard to him based on that hatred; (2) that agents of the Town adhere to different religious principles than he does and hate him for it; (3) that much of what agents of the Town do is unlawful, wrongful, and criminal; and (4) that agents of the Town admit that much of what they do is unlawful, wrongful, and criminal. Though unclear how these general allegations might have been intended to relate to his legal claims, the Court notes that the record lacks specific evidence of any of them.

The Court does not need to reach any other arguments raised by the Town and declines to do so.

ORDER

For the foregoing reasons, it is hereby ordered that
1. Defendants' Motion to Extend (#3) is *denied as moot;*
2. Plaintiff's Motion to Quash (#5) is *denied as moot;*
3. Plaintiff's Motion for Sanctions (#6) is *denied;*
4. Plaintiff's Motion for Summary Judgment (#7) is *denied;* and
5. Defendants' Motion for Summary Judgment (#8) is *granted.*

Dated at Newfane, Vermont this 3rd day of October 2014.


_____
Mary Miles Teachout
Superior Judge